UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20477-RUIZ

UNITED STATES OF AMERICA,

vs.

FRANCISCO JAVIER RAVELO,
         **Defendant.**
_____/

## UNOPPOSED MOTION FOR PROTECTIVE ORDER CONCERNING DISCLOSURE OF RULE 16 DISCOVERY INFORMATION

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America, by and through the undersigned Department of Justice Trial Attorney, files this motion for a protective order regulating disclosure of the discovery in this case (the "Discovery") and sensitive information contained therein. The defendant, Francisco Ravelo ("Defendant") does not oppose this motion:

The Defendant was charged by Information on October 22, 2025, with the distribution of Animal Crush Videos, pursuant to 18 U.S.C. § 48(a)(3). *See* Information [ECF No. 1]. Some of the Discovery in this case contains discussion of sensitive law enforcement investigative techniques and information about additional individuals related to this case that have yet to be charged. Given the totality of circumstances underlying this case, the government contends it would be inappropriate for the Defendant to receive a physical or electronic copy of Discovery to keep in his possession.

As such, in order to provide Discovery in this case, the government requests permission from this Court to provide the subject materials, and requests a Protective Order prohibiting defense counsel from providing the materials to any persons outside his office and prohibiting the

Defendant from keeping a copy of the materials in his possession or viewing them without his defense counsel.

The Federal Rule of Criminal Procedure regulating discovery provides:
> **Protective and Modifying Orders.** At any time the court may, for good cause, deny, restrict or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1).

## MEMORANDUM OF LAW

A trial court "can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the material which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). In fact, Federal Rule of Criminal Procedure 16(d)(1) permits a court to deny, restrict, or defer pre-trial discovery when a party can demonstrate the need for these types of actions. *See* Fed R. Crim. P. 16(d)(1). The United States does not seek to delay, deny, or restrict the disclosure of information which Rule 16 or the Standing Discovery Order requires. Instead, the United States only seeks to facilitate discovery, while protecting against the improper disclosure of sensitive information. The proposed Protective Order, attached as an exhibit hereto, would have no effect on the Defendant's ability to prepare his defense and would protect only the sensitive information disclosed pursuant to the government's discovery obligations.

It is appropriate for any protective order to admonish the parties that the purpose of discovery is trial preparation and that sensitive information provided pursuant to the order is to be used only for that purpose. *See United States v. Gangi*, No. 97 CR 1215(DC), 1998 WL 226196, at *4 (S.D.N.Y. May 4, 1998) (ordering that information disclosed under protective order "[s]hall be used only by defendants and their counsel solely for purposes of this action"); *United States v.*

*Salemme*, 978 F. Supp. 386, 390 (D. Mass. 1997) (requiring the government to make certain disclosures and ordering that those disclosures be used "solely for the purpose of litigating matters in this case"); *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) ("Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation. That is why parties regularly agree, and courts often order, that discovery information will remain private.").

Given this legal framework and the Discovery in this case, a protective order is appropriate.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court enter a protective order in the form attached to this motion.

Respectfully submitted,

ADAM R.F. GUSTAFSON
ACTING ASSISTANT ATTORNEY GENERAL
ENVIRONMENT & NATURAL RESOURCES DIVISION
U.S. DEPARTMENT OF JUSTICE

/s/ Emily R. Stone
EMILY R. STONE
Trial Attorney
Fla. Bar No. 92077
Environmental Crimes Section
U.S. Department of Justice
150 M Street NE
Washington, DC 20002
Telephone: (202) 305-5681
emily.stone2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that, on November 13, 2025, I electronically filed and served this document via CM/ECF.

/s/ Emily R. Stone
Emily R. Stone